IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 17-cv-2581

ETHEL JOY ARNOLD

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT

The plaintiff, Ethel J. Arnold, by and through her attorneys of record, KILLIAN DAVIS Richter & Mayle, PC, hereby submits this COMPLAINT, and in support thereof states as follows:

### PARTIES, JURSIDICTION, AND VENUE

1. The action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 – 2680.

2. At all times relevant to this complaint, Plaintiff, Ethel Joy Arnold is and was a citizen of Mesa County, Colorado, residing at 188 Rosalie Drive, Grand Junction, Colorado 81503.

3. As described herein, Mrs. Arnold's deceased husband, George Arnold, died as a direct result of the acts and omissions of employees and agents of the U.S. Department of Veteran's Affairs.

4. The United States, and not the Department of Veteran's Affairs, is the proper party in this FTCA suit.

5. On November 22, 2016, Ms. Arnold filed an SF 95 to initiate administrative action with the Department of Veterans Affairs.

6. On December 2, 2016, Janet H. Barnes, Legal Assistant with the Department of Veterans Affairs, sent written confirmation that the claim had been received and provided the contact information for the investigator to whom the claim was assigned.

7. On May 18, 2017, the Department of Veterans Affairs mailed counsel for Plaintiff a letter notifying them that Ms. Arnold that the Department of Veteran's Affairs had denied her FTCA claim.

8. Pursuant to 28 U.S.C. § 2401(b), Plaintiff must file suit within six months of the mailing of the notice of the denial of her claim.

9. This suit is timely because Plaintiff has filed suit within six months of the denial of her claim.

10. Plaintiff has exhausted her administrative remedies.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 2675 and 28 U.S.C. § 1331.

12. This Court has venue pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this judicial district and because the acts or omission complained of occurred in this judicial district.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates by reference each paragraph of this Complaint.

14. On July 28, 2015, George Steven Arnold was placed on in-home hospice care due to a heart condition.

15. Despite his medical condition, Mrs. Arnold was informed that Mr. Arnold may live up to two years in his condition.

16. At this point, Mr. and Mrs. Arnold could communicate easily with each other and had a loving relationship.

17. On January 13, 2016, Mr. Arnold was admitted to the Grand Junction VA hospital while the floors in Mr. and Mrs. Arnold's home were being repaired.

18. When Mr. Arnold was admitted to the VA hospital, he was assessed as a high risk for falls under the MORSE Fall test.

19. Due to Mr. Arnold's large size and history of falling, Mr. Arnold required two people to help him walk.

20. Because Mr. Arnold was a high fall risk, he should have been monitored 24 hours a day.

21. Because Mr. Arnold was a high fall risk, alarms were placed on Mr. Arnold's bed and wheelchair.

22. The purpose of the bed and chair alarms were to notify the VA staff if Mr. Arnold attempted to get out of bed or chair on his own.

23.     On January 15, 2017, at 5:44 a.m., it was noted that Mr. Arnold woke up the previous night and was found standing at the door of the bathroom. It was noted that Mr. Arnold's bed alarm was not triggered when Mr. Arnold left his bed that night. Because the bed alarm did not appear to be functioning properly, an alarm was taken from Mr. Arnold's wheelchair and was moved to Mr. Arnold's bed.

24.     There are no entries or records indicating that the bed alarm was later fixed or that the wheelchair alarm, which was previously placed on the bed, was ever moved back to the wheelchair.

25.     On January 15, 2016, at 8:50 p.m., Nurse Lewis was Mr. Arnold's caretaker.

26.     On January 15, 2016, at approximately 8:50 p.m., Mr. Arnold was left unattended in his room.

27.     On January 15, 2016, at 8:50 p.m., Nurse Lewis heard a loud thump coming from Mr. Arnold's room.

28.     When Nurse Lewis went to Mr. Arnold's room, she found Mr. Arnold laying on the floor on his left side with his left arm behind his back. Mr. Arnold had a cut to his upper left eyebrow.

29.     According to Ms. Lewis, Mr. Arnold told her that he fell out of his chair.

30.     No alarm was triggered when Mr. Arnold fell out of his wheelchair.

31.     There was either no wheelchair alarm on Mr. Arnold's wheelchair at the time of the fall, or the wheelchair alarm was not functioning properly at the time of the fall.

32. Concerned about Mr. Arnold's mental status, a CT was performed on Mr. Arnold's head on January 15, 2016, at 9:28 p.m.

33. A second CT was performed on Mr. Arnold on January 16, 2016 at 2:14 p.m.

34. After the January 15, 2016 fall, Mr. Arnold's mental state changed.  Mr. Arnold became mean and combative to Mrs. Arnold.

35. By this time, Mrs. Arnold was no longer able to communicate with Mr. Arnold.

36. On January 16, 2016, a nurse at the VA noted that Mr. Arnold could not be calmed down after his fall.

37. That night, a nurse at the VA called Mrs. Arnold and asked her to come sit with Mr. Arnold to try to keep him calm.

38. Mr. Arnold was discharged from the VA on January 16, 2016, at approximately 11:30 p.m.

39. Mr. Arnold resided at his residence with Mrs. Arnold from the night of January 16, 2017, until January 25, 2016.   During this time, Mr. Arnold did not suffer from any other falls.

40. Due to his rapidly deteriorating mental and physical state, Mr. Arnold was placed in a hospice facility on January 25, 2016.

41. On January 27, 2016, at 4:52 p.m., Mr. Arnold died of a traumatic head injury as a direct result of the fall that occurred on January 15, 2016.

42. The coroner's report for Mr. Arnold lists the immediate cause of his death as a "traumatic head injury due to fall."

## VICARIOUS LIABILITY ALLEGATIONS

43. Plaintiff incorporates by reference each paragraph of this Complaint.

44. Nurse Lewis and other employees and agents of the VA were negligent in the manner in which they cared for Mr. Arnold.

45. The negligence of Nurse Lewis and other employees and agents of the VA was a cause of Mrs. Arnold's damages, harms, and losses.

46. At all times relevant to this Complaint, including on January 15, 2016, Nurse Lewis was acting within the scope of her office or employment at the time of incident out of which this claim arises.

47. Accordingly, the United States is liable for Nurse Lewis's acts and admissions as discussed herein.

## WRONGFUL DEATH ALLEGATIONS
### Sections 13-21-201 to 202, C.R.S.

48. Plaintiff incorporates by reference each paragraph of this Complaint.

49. At the time of the Mr. Arnold's fall on January 15, 2016, section 13-21-201, C.R.S. was in effect.

50. Section 13-21-201(1)(a) and (b)(I), C.R.S. permits a surviving spouse to bring a wrongful death claim in the first or second year after the death of his or her deceased spouse.

51. Mrs. Arnold is the surviving spouse of Mr. Arnold.

52. Pursuant to section 13-21-201, C.R.S., Mrs. Arnold, as the surviving spouse of Mr. Arnold, is a proper plaintiff in a claim for Mr. Arnold's wrongful death.

53. At the time of the incident, section 13-21-202, C.R.S. was in effect. Section 13-21-202, C.R.S. states as follows:

> When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

54. If death had not ensued, Mrs. Arnold would be entitled to maintain an action and recover damages from Defendant resulting from the January 15, 2016, incident.

55. As a result of Mr. Arnold's wrongful and untimely death, Plaintiff Ethel Joy Arnold has sustained economic and non-economic damages, in an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**Negligence**
**CJI-Civ. 9:1**

56. Plaintiff incorporates by reference each and every paragraph of this Complaint.

57. The VA and its employees and agents, including Nurse Lewis, were negligent in the manner in which they cared for Mr. Arnold. This negligence includes, but is not limited to, the improper functioning of Mr. Arnold's bed and/or chair alarms; the lack of consistent use of Mr. Arnold's bed and/or chair alarms; and the improper monitoring and/or supervision of Mr. Arnold during his stay at the VA.

58. The VA's negligence was a cause of Mr. Arnold's injuries, damages, and losses.

59. Mr. Arnold's death would have been prevented had the VA and its employees and agents implemented proper fall risk interventions.

60. Defendant is liable for the Mrs. Arnold's damages, harms, and losses.

## DAMAGES
### CJI-Civ. 6:1A

61. Plaintiff incorporates by reference each and every paragraph of this Complaint.

62. Defendant is liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

63. Defendant's negligence caused Mrs. Arnold to incur past, present and future non-economic injuries, damages and losses, pain and suffering, emotional stress, and inconvenience.

**WHEREFORE,** Plaintiff respectfully requests:

A. Judgment to be entered against Defendant for a monetary sum, in an amount to be proven at trial;

B. Post-judgment interest;

C. Costs of litigation, including, but not limited to, deposition costs and expert witness fees; and

D. Such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of October 2017.

*/s/ Joseph H. Azbell*
Joseph H. Azbell, Esq.

>KILLIAN DAVIS Richter & Mayle, PC
>202 North Seventh Street
>Grand Junction, CO 81501
>Telephone: (970) 241-0707
>FAX: (970) 242-8375
>E-mail:  joe@killianlaw.com
>Attorney for Plaintiff
>Ethel J. Arnold, on behalf of
>     Mr. George Arnold